# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re Lynn Robinson,
doing business as
LynBosa Enterprises,

       Debtor,

Bankruptcy Case No. 3:19-bk-1041-JAF

_____

LYNN ROBINSON,

       Appellant,

v.

Case No. 3:19-cv-1155-J-32

LOFTY ASSET MANAGEMENT,
INC., doing business as Arbor Place
Apts.

       Appellee.

_____

## O R D E R

Pro se appellant Lynn Robinson has filed this motion seeking leave to file an interlocutory appeal of the Bankruptcy Court's September 16, 2019 Order granting relief from the automatic stay. See Doc. 2. That Order permits her creditor, Mac Arbor, LLC, to lawfully retake possession of property located at 5800 Barnes Road South #124, Jacksonville, Florida, 32216, effective October 12, 2019. See Doc. 1-2. Mac Arbor, LLC has filed a response in opposition. See Doc. 3.

Pursuant to 28 U.S.C. § 158(a)(3), the district court has discretionary appellate jurisdiction over non-final orders of the bankruptcy court. A party seeking this relief must comply with Rule 8004 of the Federal Rules of Bankruptcy Procedure, which requires that a motion seeking leave to file an interlocutory appeal include "(A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(b)(1).

Even assuming Robinson has satisfied these preliminary requirements, she must further demonstrate that her appeal would satisfy the standards of 28 U.S.C. § 1292(b). See, e.g., Laurent v. Herkert, 196 F. App'x 771, 772 (11th Cir. 2006); Music Royalty Consult., Inc. v. Scott Storch Music, LLC, No. 18-cv-60890-BLOOM, 2018 WL 6812943, at *4 (S.D. Fla. Dec. 27, 2018); In re Brown, No. 3:18-cv-415-J-34, 2018 WL 3496790, at *2 (M.D. Fla. July 20, 2018). Thus, she must establish "that (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate determination of the litigation." Laurent, 196 F. App'x at 772 (citing 2 U.S.C. § 1292(b)); Music Royalty, 2018 WL 6812943, at *4; Brown, 2018 WL 3496790, at *2. In the Eleventh Circuit, interlocutory appeals are disfavored. See Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1276 (11th Cir. 2000).

2

Thus, "[l]eave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." Figueroa v. Wells Fargo Bank, N.A., 382 B.R. 814, 824 (S.D. Fla. 2007).

Even according her filings the leniency to which pro se litigants are entitled, (see, e.g., Campbell v. Air Jamaica, 760 F.3d 1165, 1168-69 (11th Cir. 2014)), Robinson has failed to meet (or even mention) any of those requirements.[1] Robinson claims the bankruptcy court violated her Fifth Amendment Due Process rights in ruling against her, yet the bankruptcy docket reveals the court considered her filings and conducted a hearing; two of her points relate to a bankruptcy order from July denying her motion to sanction appellee's counsel, which order is not part of this interlocutory appeal (and any effort to include it would be untimely, see Fed. R. Bankr. P. 8004(a)(1), incorporating Rule 8002, which sets a 14 day period for filing a notice of appeal); she states without reference to any order of the bankruptcy court that she has been harmed by appellee's counsel and has incurred medical bills and temporary housing costs; and finally claims that the bankruptcy court's order

---

[1] The Court has considered not only the bare motion, but also the Statement of Issues attached to her Designation of Record on Appeal. See Doc. 167 filed in the bankruptcy docket. (That filing references the bankruptcy court's September 11, 2019 order; however, while the bankruptcy court conducted a hearing on September 11, 2019, it did not issue its order until September 16, 2019. The Court presumes it is this order from which appellant seeks leave to take an interlocutory appeal).

granting relief from stay constitutes a terrorist act upon a woman of color who suffers from "post traumatic slave disorder." See Doc. 167 filed in the bankruptcy docket. The Court can glean no issues here which would warrant granting an interlocutory appeal under the standard stated above.

Accordingly, it is hereby

**ORDERED:**

Appellant Lynn Robinson's Motion for Leave to File Interlocutory Appeal (Doc. 2) is **DENIED**. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of October, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Jerry A. Funk
United States Bankruptcy Judge

pro se appellant
counsel of record